## Barnsley's Estate

*Desmond J. McTighe*, of *McTighe, Markel & Coates*, and *John W. Shea*, for petitioner.

*Edward M. Hawes*, of *Wright, Mauck & Hawes*, for trustee.

HOLLAND, P. J., April 22, 1947.—The petition was filed by Eliza H. Barnsley on May 8, 1944, setting forth the terms of the trust under paragraph 8 of the will and the terms of the residuary trust under paragraph 19 of the will and setting forth all the other pertinent facts for the determination of the relief prayed for. The prayer of the petition is to strike down the trust under paragraph 8 of the will, have the Norristown-Penn Trust Company, trustee, file an account thereof in order that the principal and accumulated income can be awarded to her absolutely. There are certain admitted facts of record and certain implications of law that have been settled that should be first set out as the background and basis of this petition. By paragraph 8 of the will testatrix gave the sum of $15,000 to her trustee (now Norristown-Penn Trust Company) in trust to pay the income to Eliza H. Barnsley for life and at her death to pay the principal to her child or children in equal shares. In the event of Eliza H. Barnsley dying without any child or children to survive her the principal is to become a part of the residuary trust provided in paragraph 19 of the will. The residue was given to the trustee in paragraph 19 to

pay the income to testatrix's nephew, George T. Barnsley, Jr., for life, and at his death the principal to be divided equally amongst his child or children, and, in the event of George T. Barnsley, Jr., dying without any child or children or issue of deceased child or children him surviving, then the principal of the residuary fund to be paid in equal shares to testatrix's then surviving heirs at law according to the intestate laws of Pennsylvania, excluding specifically certain individuals, relatives of the testatrix, that might otherwise be classified as heirs at law in case of this latter contingency.

Upon the executor's account, the trust of $15,000 under paragraph 8 of the will was set up for Eliza H. Barnsley and has been operating ever since, the Norristown-Penn Trust Company being the last and current succeeding trustee, the income having been paid to Eliza H. Barnsley up to the present time. The fund is now approximately $12,000, composed of investments and cash yielding approximately $30 to $35 a month gross with a net return of approximately $25 a month, which is being paid to Eliza H. Barnsley. The residuary trust was also set up upon the executor's account and was operated during the life of George T. Barnsley, Jr. Upon the death of George T. Barnsley, Jr., the trustees of the said residuary trust filed their final account. It was found that George T. Barnsley, Jr., died without leaving any child or children or issue of deceased child or children, so that the principal was payable to testatrix's heirs at law under the intestate law of Pennsylvania as of the death of George T. Barnsley, Jr.

After the exclusions specifically enumerated in paragraph 19, it was found that Eliza H. Barnsley was the sole and only heir at law of testatrix at the time of the death of George T. Barnsley, Jr., and the entire principal of the said residuary trust was awarded absolutely to Eliza H. Barnsley.

It will be seen immediately that the beneficiary of the residuary trust was fixed as of the date of the death of George T. Barnsley, Jr., and that the sole beneficiary of the principal of the residuary trust was and is Eliza H. Barnsley. As above stated, she has already received the entire principal of the residuary trust in distribution but of course is entitled to any other property that may come to the residuary trust in the future. Specifically, if she dies without leaving any child or other descendants the principal of the trust for her benefit under paragraph 8 of the will will fall into the residue, and, she being the sole beneficiary of the residue and she being dead at that time, the principal of the trust under paragraph 8 of the will will go to the residuary trust and thence into her estate. There could be no other alternative. We would, therefore, have the absurd situation under those circumstances of her having only the life interest of the trust under paragraph 8 and it ultimately going to her beneficiaries under her will if she had any or to her remote next of kin, if she died intestate. Eliza H. Barnsley has no children at this time and never did have any nor are there any descendants of hers that ever came into existence, so that the absurdity should be avoided and the entire principal of the trust in question under paragraph 8 of the will awarded to her absolutely unless the chances of her having children are greater than the chances of her not having any child or children. Fortunately we are not put to speculation as to this so decisive factor. A hearing was had on this petition, March 14, 1947, which revealed the facts and circumstances which we believe to be decisive of the question.

The full name of petitioner is Eliza Hagerman Barnsley. Her identity is clearly established. She was born January 17, 1889, and is, therefore, past 58 years of age. She has never been married, and has never given birth to a child. She is not in good health. This latter fact is corroborated by her appearance. She ex-

perienced her menopause about six years ago when she was approximately 52 years of age.

From these facts it would appear to be a reasonable inference based upon common knowledge that petitioner would be incapable of giving birth to a child. However, this opinion is supported by scientific data and statistical experience.

As we stated in our decision in Lare's Estate, 57 D. & C. 163: "At common law there was a conclusive presumption that a woman could give birth to a child up until the time of her death, regardless of age, which conclusive presumption could not be rebutted by evidence. This rule has in more recent times been modified and evidence of the impossibility of a woman having a child can be adduced and if sufficiently conclusive the court can act upon it. See Estate of Joseph Hess, Orphans' Court of Philadelphia County, No. 533, April Term, 1884, decided June 3, 1940, and not reported; see also Fiduciary Review, issue of August, 1940."

In that issue of the Fiduciary Review reference was made to the case of City Bank Farmers' Trust Co. v. United States, 74 F. (2d) 692 (1935). In that case it was observed (p. 693):

"It is true that the medical books contain a trifling number of cases, how well authenticated we do not know, where women 59 years of age and over have borne children. But, since verification of offspring to women of 55 years and over began to be attempted by the United States Department of Commerce, there have been from the years 1923 to 1932, inclusive, no recorded births to such women. During that period the total number of births was 20,389,873, without a single child having been born to a woman of 55 years or over. In view of the statistics, we may conclude that the chance that the life tenant here would have issue after the death of the testator was negligible . . ."

And, in the same opinion, quoting from another case the court said (p. 694) : ". . . the statistics show that in the case of a woman between 50-54 years of age there is the slight chance of .0001 that she may have children. Therefore, while it is not necessary to say that possiblity of issue must be treated as extinct among women between 50 and 54 years of age, it seems clear that those beyond the latter age are to be regarded as wholly past childbearing."

In view of these statistics we need have no hesitation in finding as a fact that it is impossible for Eliza Hagerman Barnsley ever to give birth to a child. She is over 58 years of age, whereas the records show that there is not a single case on record of a woman who was over 55 years of age having given birth to a child. She is in bad health, which is a contributing factor in making conception improbable. Furthermore, she has experienced her menopause over six years ago, a fact alone in itself, regardless of her age, which renders pregnancy improbable, if not impossible.

Under the facts and under the authorities above-quoted, we are impelled to the conclusion that it is impossible for Eliza Hagerman Barnsley to have a child, and, therefore, we so find as a fact. As we have stated above, this fact directs the principal of this trust via the residuary clause to her estate at the time of her death unless the trust is stricken down and awarded to her at this time.

This case is exactly the same as Lare's Estate, supra. In the latter, if the trust had not been stricken down, petitioner would have inherited the fund at the moment of her death and it would have been payable to her estate. Recognizing the absurdity of depriving her of it up to the time of her death and then awarding it to her estate, the court struck down the trust and awarded it to petitioner absolutely. The same is the situation in the case before us. It being impossible for Eliza Hagerman Barnsley to have children, she will inherit

this fund at the moment of her death according to the terms of the residuary trust and her own trust under item 8 of the will, but it will be payable to her estate. Therefore, there being no other person in the whole world that can possibly be interested in the trust except herself, and there being no other impediment in the terms of either the trust under item 8 of the will or the residuary trust, there is no reason why it should not be stricken down and awarded to her absolutely.

And now, April 22, 1947, the trust under paragraph 8 of the will for Eliza Hagerman Barnsley is stricken down and the principal thereof is declared to be the property of and distributable to Eliza Hagerman Barnsley absolutely. The trustee, Norristown-Penn Trust Company, is directed to file an account of the trust forthwith.